UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TERANCE CALHOUN,** by and through his
legal conservators, Octavia Monroe and Theodore
W.Goodman**,**

                Plaintiff,

v.

**City of Detroit Police Department Sergeant ROBERT KANE,
Police Officer JOSE ORTIZ, Police Officer MICHELE JASKULKA,
Commander JAMES TOLBERT, Lieutenant BILAL MUHAMMAD,
JESSE DOE I, JESSE DOE II, and JESSE DOE III**, in their official
and/or individual capacities, jointly and severally,

                Defendants.

Case No.: 24-cv-10184
Hon. Mark A. Goldsmith
Magis. Judge David R. Grand

---

| | |
|---|---|
| Emma Freudenberger (NY 4624045) | Krystal A. Crittendon (P49981) |
| Amelia Green (NY 5428412) | Alfred Ashu (P85236) |
| Rhianna Rey (NY 5814066) | Christopher Michels ((P83156) |
| Elsa Mota (NY 5949474) | Crystal Olmstead (P69202) |
| Katherine Cion (1779586 DC) | Philip J. Hiltner (P77913) |
| Neufeld Scheck Brustin Hoffmann | Attorneys for Defendants |
| & Freudenberger, LLP | City of Detroit Law Department |
| Attorneys for Plaintiff | 2 Woodward Avenue, Suite 500 |
| 99 Hudson Street | Detroit, MI  48226 |
| New York, New York 10013 | (313) 237-3031 |
| (212) 965-9081 | |

Kathryn Bruner James (P71374)
Julie H. Hurwitz (P34720)
Dayja S. Tillman (P86526)
Goodman Hurwitz & James, P.C.
1394 E. Jefferson Ave.
Detroit, Michigan 48207
(313) 567-6170

**<u>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH
THREE THIRD-PARTY SUBPOENAS [ECF No. 54]</u>**

1

**Questions Presented**

1. Does Plaintiff lack standing to quash a subpoena to non-parties.

**Defendants' Answer: Yes**

**Plaintiff's Presumed Answer: No**

2. Are recorded prison phone calls of inmates discoverable in a case where Plaintiff has placed his physical and emotional condition at issue?

**Defendants' Answer: Yes.**

**Plaintiff's Presumed Answer: No**

# Most Appropriate Authority

## Circuit Court

*United States v. Gangi*, 57 Fed.Appx. 809 (10th Cir. 2003)

*United States v. Paul*, 614 F.2d 115 (6th Cir. 1980)

*United States v. Van Poyck*, 77 F.3d 285 (9th Cir. 1996)

## District Court

*Bishop v. White*, Case No. 16-C-6040 2023 WL 35157 (N.D. Ill. 2023)

*Bradley v. Mason*, 833 F.Supp.2d 763 (N.D. Ohio 2011)

*In re Request for Judicial Assistance from Embassy of Arab Republic of Egypt*, Case No. 21-mc-51058 *available at* 2021 WL 6112131 (E.D. Mich. 2021)

*Johnson v. Baltimore Police Dep't*, Case No. ELH-19-0698, *available at* 2022 WL 9976525 (D. Md. 2022)

*Reitz v. City of Mt. Juliet*, 680 F.Supp.2d 888 (M.D. Tenn. 2010)

*Schnatter v. 247 Group, LLC*, 343 F.R.D. 325 (W.D. Ky. 2022)

*Sys. Prods. & Sols., Inc. v. Scramlin*, Case No. 13-cv-14947 *available at* 2014 WL 3894385 (E.D. Mich. 2014)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TERANCE CALHOUN,** by and through his legal conservators, Octavia Monroe and Theodore W.Goodman**,**

           Plaintiff,

v.

**City of Detroit Police Department Sergeant ROBERT KANE, Police Officer JOSE ORTIZ, Police Officer MICHELE JASKULKA, Commander JAMES TOLBERT, Lieutenant BILAL MUHAMMAD, JESSE DOE I, JESSE DOE II, and JESSE DOE III**, in their official and/or individual capacities, jointly and severally,

           Defendants.

Case No.: 24-cv-10184
Hon. Mark A. Goldsmith
Magis. Judge David R. Grand

## BRIEF IN OPPOSITION

Plaintiff has exhibited an unprecedented amount of obstructionism in attempting to prevent discovery in this case. First, Plaintiff has clearly placed his physical, mental and psychological conditions from before, during, and after his incarceration in controversy through his pleadings and is seeking significant damages from Defendants. Second, Plaintiff concedes in his Motion that Plaintiff's "DOC file and DOC medical and mental health files are discoverable," yet still inexplicitly "seeks to quash the subpoena to the Michigan Department of Corrections to the extent that it seeks records beyond those contained in those files." [ECF No. 54, Page ID. 756]. Third, despite the fact that subpoenaed documents demonstrate that Plaintiff was going to file the current civil action, on March 30, 2023, Plaintiff

presented an Order to the Michigan Court of Claims, Case 22-000199-MP designating "any and all records of Terance Calhoun's arrest, fingerprints, conviction, and sentence" pertaining to *People v. Terance Calhoun*, Wayne County Circuit Case No. 06- 013904-01 as nonpublic records." This Order prevented Defendants from receiving copies of Plaintiff's prison records, including records from the Michigan Department of Corrections ("MDOC"), J Pay, Inc.[1] and Global Tel Link.[2] When Defense Counsel advised Plaintiff's Counsel that Defendants would be filing a Motion to secure copies of Plaintiff's MDOC records, Plaintiff's Counsel then stipulated to an Order which allowed Defendants to subpoena the records. [ECF No. 42]. Now, when Defendants have subpoenaed the MDOC records (which have still not been received), Plaintiff has filed a *Motion to Quash* the three subpoenas served upon the MDOC, J Pay, Inc. and Global Tel Link.  Fourth, despite the fact that Plaintiff has made very detailed and specific claims in his Complaint

---

[1] JPay is a privately held information technology and financial services provider focused on serving the United States prison system under contracts with state, county, and federal prisons and jails to provide technologies and services including money transfer, email, video visitation and parole and probation payments to approximately 1.5 million inmates throughout 35 states.

[2] Global Tel Link is a telecommunications company that provides Inmate Calling Service (ICS) through integrated information technology solutions for correctional facilities which includes inmates payment and deposit, facility management and visitation solutions. Through J Pay, Inc. and Global Tell Link, MDOC prison telephone calls and messages are downloaded, recorded, monitored and subject to playback. An automated recording advises all parties that the call and/or message may be recorded.

regarding his pre and post incarceration physical and mental conditions, Plaintiff attached no records to his Initial Disclosures and identified no documents related to Plaintiff's incarceration or claimed damages. When questioned regarding why Plaintiff did not produce or identify the source for the allegations contained in Plaintiff's Complaints, two of Plaintiff's counsel stated during a recorded telephone discussion that they "did not have any documents" to support the claims but were, instead, relying on statements made to them by Plaintiff's family members. Lastly, Defendant has not violated Rule 45 because Defendant has specifically instructed its vendor service vendor, Minute Man, to provide notice of subpoenas. *See* Exhibit A.

Discovery has been open in this case since June 28, 2024, and Defendants have received virtually no records due to Plaintiff Counsel's repeated, obstructionist behavior. The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad and Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Reitz v. City of Mt. Juliet*, 680 F.Supp.2d 888, 891 (M.D. Tenn. 2010). Defendants have been forced to litigate routine discovery matters because of Plaintiff's insistence on hiding evidence. Therefore, for the following reasons, this Court should deny Plaintiff's request.

**I.     Plaintiff lacks standing to quash subpoena because Plaintiff has no privacy interest in MDOC records, J Pay, or Global Tel Link**

6

A party has standing to quash a subpoena only "if it can demonstrate a personal interest or claim a privilege." *Sys. Prods. & Sols., Inc. v. Scramlin*, Case No. 13-cv-14947 *available at* 2014 WL 3894385, at *7 (E.D. Mich. 2014) (Opinion of Goldsmith, J.). This Court in *Scramlin* specifically used the example that "a party has a personal interest in his or her employment records held by a subpoenaed non-party." *Id.* Notably, Defendants did not seek to quash Plaintiff's subpoena to City of Detroit for employment records. However, Plaintiff objects to obtaining any information from non-parties that may lead to information regarding Plaintiff's claims.

Plaintiff makes the unsubstantiated claim that he has "privacy interest" in his prison phone calls, emails, and payments. ECF No. 54, PageID. 761-762. Plaintiff cites to unpublished, out-of-circuit, cases for this statement. The unpublished cases from this circuit contradict Plaintiff's position. The *Howlett* and *Hosanna-Tabor Evangelical Lutheran Church & School* cases cited by Plaintiff were denials of motions to quash for lack of standing. The *Scramlin* case was not a case involving prison phone calls and this Court still allowed the subpoena for phone and email records on a more limited basis. Plaintiff presents no published case from this jurisdiction which upholds the stated principle that an inmate has a privacy interest in recorded phone calls.

7

The cases from the Sixth Circuit outright reject this principle and make clear that "society does not acknowledge that a prisoner has a reasonable expectation of privacy in telephone calls made from within the jail to individuals other than his attorney." *Bradley v. Mason*, 833 F.Supp.2d 763, 769 (N.D. Ohio 2011) (compiling caselaw). Plaintiff fails to cite cases that are binding on this Court because there is no support to claim that prison phone calls are entitled to any protection. In fact, the Sixth Circuit has made clear that recording of inmate phone calls is not only permissible but is done in the course of ordinary business. *United States v. Paul*, 614 F.2d 115 (6th Cir. 1980). Other Circuits similarly state that "no prisoner should reasonably expect privacy in his outbound telephone calls." *United States v. Van Poyck*, 77 F.3d 285, 290-291 (9th Cir. 1996); *United States v. Gangi*, 57 Fed.Appx. 809, 815 (10th Cir. 2003). There is no legal support for Plaintiff's position.

Plaintiff and anyone he was speaking to in prison phone calls were made aware that the call was monitored and recorded. All inmate phone calls placed by Global Tel Link are preceded with the following message: "Hello. This is a collect call from [prisoner name], a prisoner at the Michigan Department of Corrections [specified] Facility. If you feel you are being victimized or extorted by this prisoner, please contact GTL Customer Service at (855) 466-2832. To accept this call, press 0. **This call is from a corrections facility and is subject to being monitoring and**

8

**recording.** Thank you for using GTL." Therefore, there can be no privacy interest in the phone calls and this Court should reject Plaintiff's motion.

   II.   **The subpoenaed information is discoverable because Plaintiff has placed his physical and emotional states at issue and the information could bear on an issue in this case**

At its most basic level, the subpoenaed information originates from Plaintiff and likely contain information that either is relevant or will lead to another matter that bears on the issues of this case. Plaintiff concedes that "to be sure, Mr. Calhoun's phone calls in prison may have information Plaintiff could use to illustrate the emotional suffering he experienced in prison." ECF No. 54, PageID. 764. However, the information may reveal that Plaintiff did in fact commit the crimes to which he pled no-contest, that he did knowingly understand and waived his rights when he confessed to committing those crimes, and/or that he suffered limited damages. Plaintiff's counsel does not want Defendants to have this information because it undermines their theory of the case. Defendants are entitled to know whether the phone calls can bolster or impeach Plaintiff's claims.

Plaintiff placed his physical and emotional states at issue in this case, making numerous specific claims in his Complaint. Plaintiff also sought to seal all Court documents and MDOC records, prohibiting prompt discovery in this matter. In effect, Plaintiff is making claims of egregious conduct by the Defendants, claiming

9

Plaintiff suffered tremendous injuries, but is also refusing to allow the Defendants to conduct discovery regarding the veracity of these claims.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad and Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Reitz v. City of Mt. Juliet*, 680 F.Supp.2d 888, 891 (M.D. Tenn. 2010). The subpoenaed information meets this low threshold for discoverability. Plaintiff response relies on an unpublished case from a Magistrate Judge in the Northern District of Illinois of *Bishop v. White*, ECF No. 54, PageID. 964. This case has no precedential value. Notably, the Court dismissed the entire case as a discovery sanction because of Plaintiff's misconduct and specifically cited Plaintiff's prison phone calls. See *Bishop v. White*, Case No. 16-C-6040 2023 WL 35157 (N.D. Ill. 2023) attached as Exhibit B. In the *Bishop* case, prison phone calls revealed that the plaintiff was committing witness tampering, paying witnesses to recant, and had committed perjury during discovery. Plaintiff in the present case is seeking to hide information that may be similarly useful under the guise that the information is only marginally relevant. This is insufficient to withhold the discoverable information from Defendants.

   III.   **Plaintiff's partial disclosure of records does not prohibit discovery from third parties**

10

Plaintiff states that "Defendants have received over 6,500 pages of Mr. Calhoun's medical and mental-health records kept by MDOC during the time he was incarcerated, his post-release healthcare records, and his school records." ECF No. 54, PageID. 763-764. These documents were selectively given and do not encompass the entire MDOC file. Plaintiff providing only some hand-selected document does not preclude Defendant from subpoenaing records from third parties.

This Court has already stated to the parties that subpoenas are a favored method of conducting discovery as the timeframe can be shorter than under Rules 33 and 34 and non-compliance can be more readily sanctioned against the non-party. The documents can also be authenticated for the purposes of admissibility, chain of custody, cross-examination, authenticity, etc. Defendant is attempting to conduct discovery directly from non-parties and Plaintiff is further seeking to delay, obstruct, and obfuscate the truth that may be found from that information.

In other reverse conviction cases involving police officers, the defendants routinely subpoena records from MDOC, JPay, and Global Tel Link. The information is crucial for conducting discovery and in providing defenses. Defendants have uncovered other instances of paying off witnesses, making admissions to the crime, and other relevant impeachment information in phone calls. See e.g., *Johnson v. Baltimore Police Dep't*, Case No. ELH-19-0698, *available at* 2022 WL 9976525 (D. Md. 2022) (dismissing case based on prison phone calls of

11

Plaintiff offering to pay witnesses); *Tony Dewitt v. William Ritz et al.*, Case No. 18-3202, ECF No. 68 (D. Md. 2021) (dismissing case based on prison phone calls where Plaintiff offered to pay witnesses and fabricate evidence); *Darell Chancellor v. Stephen Geelhood*, Case 20-cv-11616, ECF No. 49 (E.D. Mich. 2023) (Plaintiff admitting guilt to the crime to which he was purportedly exonerated)**.**

Plaintiff erroneously places the burden on Defendants to show how the records "could be probative of any damages *defenses*." ECF No. 54, PageID. 764 (emphasis in original). However, Plaintiff has the burden to prove why the non-party subpoena should be quashed. *Schnatter v. 247 Group, LLC*, 343 F.R.D. 325, 330 (W.D. Ky. 2022). Plaintiff has failed to meet that burden and therefore the motion should be denied.

### IV. Even if there were a technical noncompliance with Rule 45, it does not warrant quashing the subpoena or sanctions

Plaintiff has received timely notice of the subpoenas in this case. Plaintiff takes great umbrage with receiving the notice minutes or hours after the subpoena was submitted. As an initial matter, Defendants are not in technical violation of Rule 45. Plaintiff admits that they were notified through Defendants' service vendor, Minute Man, of the subpoenas *before* they were submitted. ECF No. 54, PageID. 757. Plaintiff's counsel then received copies of the subpoenas contemporaneously with the issuance of the subpoena. *Id*.

Plaintiff has alleged no prejudice because it still has been able to raise its objections to the subpoena. As this Court noted, "Courts have enforced subpoenas even if there is a technical noncompliance with Rule 45 where the allegedly impacted party eventually obtained notice, had the opportunity to raise objections, and did raise objections." *In re Request for Judicial Assistance from Embassy of Arab Republic of Egypt*, Case No. 21-mc-51058 *available at* 2021 WL 6112131 (E.D. Mich. 2021). Additionally, this Court has enforced a subpoena when the subpoena was provided to opposing counsel the same day it was submitted. See *Sys. Prods. & Sols., Inc. v. Scramlin*, Case No. 13-cv-14947 *available at* 2014 WL 6894385, at *6 (E.D. Mich. 2014). Similar to the *In re Request* and *Scramlin* cases, Plaintiff in this case shows no prejudice and the documents have not been received yet. Plaintiff instead seeks sanctions. Ironically, Plaintiff's request seeking sanctions for a technical violation of Court Rule is in violation of the Court Rules and Local Rules.

Federal Rule 11(C)(2) specifically requires that "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Additionally, the motion must be served 21 days before filing the motion with court. Plaintiff failed to do so in this case. By requesting sanctions in their motion to quash a subpoena, Plaintiff is in technical violation of

13

the Rule.[3] Therefore, this Court should deny Plaintiff's request. Even if this Court were to address the merits of Plaintiff's request, sanctions are not warranted because Plaintiff received notice of all subpoenas and had ample time to file any motions to quash.

## Conclusion

Plaintiff is seeking to obstruct discovery in this case. Plaintiff's lawful conviction was unlawfully set aside following a secret investigation and the records were sealed. Defendants sought information from non-parties that is discoverable and useful for their defense. Plaintiff moves again to hide away any information that may contradict their carefully formed narrative. Plaintiff lacks standing to object to these subpoenas because Plaintiff has no privacy interest in the information. Therefore, this Court should Deny Plaintiff's Motion to Quash.

Respectfully submitted,

/s/ *Christopher Michels*
Christopher Michels (P83156)
City of Detroit Law Department
Attorney for Defendants

---

[3] Plaintiff is also in violation of Local Rule 7.1(d)(2) by failing to file a motion with a concise statement of issues presented and most appropriate authority for the relief sought. Plaintiff also failed to follow this Court's protocol including a statement regarding seeking concurrence. Per this Court's practice guidelines "the failure to certify compliance with this [concurrence] paragraph will result in the motion being struck." However, Defendants are not seeking sanctions.