**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TERANCE CALHOUN,** by and through his legal conservators,
Octavia Monroe and Theodore W. Goodman**,**

Case No.: 24-cv-10184
Hon. Mark A. Goldsmith
Magis. Judge David R. Grand

Plaintiff,

-v-

**City of Detroit Police Department Sergeant ROBERT KANE, Police Officer JOSE ORTIZ, Police Officer MICHELE JASKULKA, Commander JAMES TOLBERT, Lieutenant BILAL MUHAMMAD, JESSE DOE I, JESSE DOE II, and JESSE DOE III**, in their official and/or individual capacities, jointly and severally,

Defendants.
_______________________________________________/

**NON-PARTY CITY OF DETROIT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA AND NOTICE OF RULE 30(B)(6) DEPOSITION FOR THE CITY OF DETROIT POLICE DEPARTMENT AND FOR PROTECTIVE ORDER**

**NOW COMES** Non-Party, **City of Detroit**, through its undersigned counsel, and for its *Motion to Quash Plaintiff's Subpoena and Notice of Rule 30(b)(6) Deposition for the City of Detroit Police Department and for Protective Order*, submits the following:

1. Counsel for Non-Party City of Detroit certifies that the City has conducted multiple discussions with Plaintiff's counsel regarding limiting Plaintiff's inquiry to one that does not pose an undue burden on the City of Detroit, but that the

parties have been unable to resolve the matter. Defendant requested concurrence in this motion on April 14, 2025, but Plaintiff declined to concur.

2. On March 4, 2025, Plaintiff emailed a courtesy copy of a Subpoena and Notice of Deposition he would be serving on Non-party City of Detroit for a Rule 30(b)(6) Deposition for the City of Detroit Police Department ("DPD").

3. Plaintiff applied for and received compensation from the State of Michigan under the Wrongful Imprisonment Compensation Act ("WICA"), MCL 691.1755(8). The City of Detroit is not, therefore, a party to the instant action and Plaintiff cannot seek to amend his pleadings to make the City a party because such claims are barred as a matter of law due to Plaintiff's receipt of compensation under WICA.

4. Despite the fact that Plaintiff cannot pursue a claim against the City pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) for any alleged violations caused by any alleged unconstitutional customs, policies or practices of the City, Plaintiff now seeks to depose witnesses designated by the City to testify regarding DPD's policies, practices and procedures from nearly twenty years ago, as it relates to a broad area of topics.

5. The Notice of Deposition seeks production of witnesses who can testify regarding DPD's policies, practices and procedures as it relates to a large number of

topics which are not relevant and not at issue in the lawsuit. (Exhibit A - Plaintiff's Subpoena and Notice of Rule 30(b)(6) Deposition).

6. Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

7. Fed. R. Civ. Pro. 45(d)(1) provides that "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

8. Rule 45(d)(3) permits the court to quash or modify a subpoena that "subjects a person to undue burden."

9. The City has already responded to two different subpoenas that Plaintiff served, both requesting production of documents, and is currently working with Plaintiff's counsel to reach mutually agreeable terms for an inspection of certain documents and physical evidence.

10. Responses to each of those subpoenas required significant time of City employees from the Detroit Police Department and Detroit Law Department.

11. Providing deposition testimony on a broad array of policies, procedures and practices from twenty years ago is an undue burden on Non-party City of Detroit since any of these depositions would involve a significant use of time and resources, and none of these depositions are relevant to any party's claims or defenses and Plaintiff's proposed depositions are not proportional to the needs of this case.

12. Because Plaintiff's Notice of Deposition imposes an undue burden upon Non-party City of Detroit, this Court should enter an Order, quashing the subpoena and entering a Protective Order.

**WHEREFORE** Non-party, City of Detroit, respectfully requests that this Honorable Court enter an Order quashing Plaintiff's Subpoena and Notice of Rule 30(b)(6) Deposition for the City of Detroit Police Department and enter a Protective Order which precludes discovery of the information requested in the Notice.

Respectfully submitted,

*/s/ Patrick M. Cunningham*________________
Patrick M. Cunningham (P67643)
Attorney for Non-party City of Detroit
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov

Dated: April 14, 2025

Questions Presented ........................................................................................ ii
Most Controlling Authorities ........................................................................ iii
Local Rule Certification ................................................................................ iv
Brief in Support ................................................................................................1
Statement of Relevant Facts ............................................................................1
Authority ..........................................................................................................4
Argument ..........................................................................................................7
I. The information Plaintiff seeks from its proposed 30(b)(6) witnesses is neither relevant nor proportional to the needs of the case as the Non-party City of Detroit's customs, policies, practices and procedures are not at issue in this case. 7
II. The court should quash Plaintiff's subpoena because it places an undue burden on non-party the City of Detroit. .........................................................10
III. Plaintiff's proposed deposition is unreasonably duplicative and cumulative and the record on these topics is fully developed. ...............................................11
Conclusion ......................................................................................................12
Prayer for Relief ..............................................................................................12

## Questions Presented

I. Is the information Plaintiff seeks from his proposed 30(b)(6) witnesses neither relevant nor proportional to the needs of the case as the Non-party City of Detroit's customs, policies, practices and procedures are not at issue in this case?

Non-Party City of Detroit answers: "Yes."

Plaintiff presumably answers: "No.:

II. Should the court quash Plaintiff's subpoena because it places an undue burden on non-party the City of Detroit?

Non-Party City of Detroit answers: "Yes."

Plaintiff presumably answers: "No.:

III. Is Plaintiff's proposed deposition unreasonably duplicative and cumulative and is the record on these topics fully developed?

Non-Party City of Detroit answers: "Yes."

Plaintiff presumable answers: "No."

## **Most Controlling Authorities**

**Federal Rule Civil Procedure 26(b)(1)**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"

**Federal Rule Civil Procedure 26(b)(2)(C)**

"the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)"

**Federal Rule Civil Procedure 45(d)(3)(A)**

"the court for the district where compliance is required must quash or modify a subpoena that…

(iv) subjects a person to undue burden."

**Local Rule Certification**

I, Patrick M. Cunningham, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TERANCE CALHOUN,** by and through his legal conservators, Octavia Monroe and Theodore W.Goodman**,**

Plaintiff,

Case No.: 24-cv-10184
Hon. Mark A. Goldsmith
Magis. Judge David R. Grand

v.

**City of Detroit Police Department Sergeant ROBERT KANE, Police Officer JOSE ORTIZ, Police Officer MICHELE JASKULKA, Commander JAMES TOLBERT, Lieutenant BILAL MUHAMMAD, JESSE DOE I, JESSE DOE II, and JESSE DOE III**, in their official and/or individual capacities, jointly and severally,

Defendants.

---

**Brief in Support**

**NOW COMES** Non-Party, **City of Detroit**, through its undersigned counsel, and for its *Brief in Support of its Motion to Quash Plaintiff's Subpoena and Notice of Rule 30(b)(6) Deposition for the City of Detroit Police Department and for Protective Order*, submits the following:

**Statement of Relevant Facts**

On March 4, 2025, Plaintiff emailed a courtesy copy of a Notice of Deposition he would be serving on Non-party City of Detroit for a Rule 30(b)(6) Deposition for the City of Detroit Police Department ("DPD"). The Notice of Deposition seeks

production of a witness who can testify regarding DPD's policies, practices and procedures as it relates to a large number of topics which are not relevant and not at issue in the lawsuit. It seeks a person who can testify to the following:

1. The DPD's policies, practices, and procedures, whether written or oral, in place in 2007, regarding polygraph examinations. This includes without limitation the creation or maintenance of charts, questionnaires, notes, records, or other documentation, and specifically the documents that should have been created and maintained for the court-ordered polygraph examination of Plaintiff Terance Calhoun on February 15, 2007. This also includes without limitation policies, practices, and procedures relating to the following:
   a. Any and all policies, rules, and regulations surrounding the administration of polygraph examinations in place in the DPD between January 1, 2006 and July 1, 2007;
   b. The creation dissemination and maintenance of any and [sic] documentation including all pre-test questions administered to the examinee, and any and all associated charts, measurements, or data;
   c. The creation, dissemination, and maintenance of any and all associated charts, measurements, or data recorded in conjunction with the polygraph test;
   d. Any and all documentation of the polygraph examiner's review of any case files, records, statements, and evidence;
   e. Any notes or other documentation created by the polygraph examiner or any other official involved in the construction, drafting, and/or administration of the polygraph questions;
   f. The process for documenting compliance with internal DPD policies surrounding the administration of polygraph examinations; and
   g. The search for the polygraph data and associated documentation in this case.

2. The DPD's policies, practices and procedures, whether written or oral, in place in 2006-2007, concerning the coordinating, regulating, administration, supervision, and documentation of:
   a. A live line-up identification procedure; and

b. Photographic identification procedures, including without limitation photographic arrays.

3. The DPD's policies, practices, and procedures, whether written or oral, in place in 2006-2007, concerning the creation and maintenance of notes, documentation, and/or records of identification procedures conducted.

4. All DPD systems, processes, policies, procedures, rules, regulations, customs, or practices, whether written or oral, and any modifications thereto, in place at any point between October of 2006 and December of 2007, concerning the identification, documentation, tracking, preservation and disclosure of exculpatory evidence pursuant to *Brady v. Maryland, Giglio v United States*, and their progeny or state law equivalents ("*Brady* material") including without limitation any and all systems and/or processes for documenting, tracking, and disclosing *Brady* material regarding forensic testing commissioned by the DPD.

As if these topics were not broad enough, Plaintiff's notice also indicates: "the matters of inquiry may include any other matters permitted under Fed. R. Civ. P. 30 and any other procedures authorized by the Federal Rules."

In this case, Plaintiff applied for and received compensation under the Act from the State of Michigan under the Wrongful Imprisonment Compensation Act ("WICA"), MCL 691.1755(8). The City of Detroit is not, therefore, a party to the instant action and Plaintiff cannot seek to amend his pleadings to make the City a party because such claims are barred a matter of law due to Plaintiff's receipt of compensation under WICA. Despite the fact that Plaintiff cannot pursue a claim against the City pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) for any alleged violations caused by any alleged unconstitutional customs, policies

or practices of the City, Plaintiff now seeks to depose a witness designated by the City to testify regarding DPD's policies, practices and procedures as it relates to a broad area of topics. For the following reasons, *Plaintiff's Subpoena and Notice of Rule 30(b)(6) Deposition for the City of Detroit Police Department* should be quashed and a Protective Order should be ordered to prevent the deposition.

**Authority**

Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Sixth Circuit has recognized that barring a deposition or limiting its scope are reasonable ways to "balance [plaintiff's] right to discovery with the need to prevent 'fishing expeditions.'" *Bush v Dictaphone Corp*, 161 F.3d 363, 367 (6th Cir 1998); *Lewelling v Farmer's Ins of Columbus, Inc*, 879 F.2d 212 (6th Cir 1989); *Conti v. Am. Axle & Mfg.*, 326 Fed. Appx. 900, at 907 (6th Cir. May 22, 2009). Pursuant to the applicable amended rules, the scope of allowable discovery is much narrower than previously, and proportionality factors have been added.

Courts are required to prohibit discovery if it is outside the scope of these limitations: "When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

In addition, the Court may issue a discovery protective order, for good cause, to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Modern Plastics Corp*., 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). "Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor*." Cahoo v. SAS Inst. Inc*., 377 F. Supp. 3d 769, 775 (E.D. Mich. 2019) (quoting *Power*, 191 F.R.D.

at 136)) (emphasis added). Federal Rule of Civil Procedure 26(c) provides the following with regards to protective orders:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

For third-party subpoenas, the court for the district where compliance is required must quash or modify a subpoena subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3). Rule 45(d)(3), thus, permits the court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."

With respect to depositions pursuant to Fed. R. Civ. P. 30(b)(6), a notice of deposition "must describe with reasonable particularity the matters for examination," and the deponent "must testify about information known or

reasonably available to the organization." *Id.* "The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not." *Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018). Courts have construed "reasonable particularity" to require a notice of deposition under Rule 30(b)(6) to identify topics with "painstaking specificity." *Georgia-Pac. Consumer Prod., LP. v. NCR Corp.*, No. 1:11-CV-483, 2015 WL 11236844, at *1 (W.D. Mich. Feb. 23, 2015).

A deposition pursuant to Rule 30(b)(6) is unnecessary where a corporation shows that the record is fully developed on a topic so that the Rule 30(b)(6) topic is "unreasonably duplicative and cumulative." *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019).

## <u>Argument</u>

### I. The information Plaintiff seeks from its proposed 30(b)(6) witnesses is neither relevant nor proportional to the needs of the case as the Non-party City of Detroit's customs, policies, practices and procedures are not at issue in this case.

The topics upon which Plaintiff seeks to depose a witness employed by the Detroit Police Department are not relevant or proportional to Plaintiff's claims or the events at issue in the case. Fed. R. Civ. P. 26(b)(1) limits discovery to matters that are relevant to any party's claim or defense and are proportional to the needs of the case.

Plaintiff's first proposed topic for a 30(b)(6) deposition encompass the City of Detroit's polices both written *and oral* from nearly twenty years ago. Plaintiff asks a witness to testify about policies and procedures that existed *eighteen years ago*. Plaintiff's notice fails describe with reasonable particularity the matters for examination, as required by Fed. R. Civ. P. 30(b)(6).

The City does not believe that any City employees are knowledgeable about eighteen-year-old policies or can be reasonably prepared to testify about them. Moreover, the City has already produced its manual directives on Polygraph Examination and Record Retention, as well as a supplemental production of the Standards of Principles and Practice specific to the Detroit Police Department's Polygraph Unit. Plaintiff has already deposed Bilal Muhammad, who conducted the polygraph examination of Plaintiff. The City has also already produced the Sex-Crimes files related to the investigation of Plaintiff.

Plaintiff has no claim against the City of Detroit in this case, and Plaintiff cannot base any claim against *any* defendant upon the failure to produce inadmissible polygraph evidence. In *Wood v. Bartholomew*, 516 U.S. 1, 6, 116 S. Ct. 7, 10, 133 L. Ed. 2d 1 (1995), the United State Supreme Court found that inadmissible polygraph information "is not 'evidence' at all" and cannot form the basis of a claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The City has produced significant documentation already regarding polygraph examinations conducted nearly twenty years ago. Plaintiff has deposed the person most knowledgeable about the polygraph examination at issue in this case. The polygraph information does not support any claim against any Defendant.

Plaintiff's second and third proposed topics for a 30(b)(6) deposition cover a broad range of nearly twenty-year-old policies or procedures related to identifications and line-ups. The City does not believe that any City employees are knowledgeable about eighteen-year-old policies or can be reasonably prepared to testify about them. Moreover, the City has already produced its manual directives on Eyewitness Identification and Lineups. Plaintiff has already deposed Jose Ortiz and Robert Kane, who are the only two individuals potentially involved in the lineup in this case. Additionally, upon information and belief, Plaintiff was represented by counsel at the lineups in this case, and the witnesses who picked Plaintiff out of a lineup were subject to cross examination at a preliminary examination.

The City has produced significant documentation already regarding eyewitness identifications and lineups conducted nearly twenty years ago. Plaintiff has deposed the persons most knowledgeable about the lineups or identifications at

issue in this case. Plaintiff has no claim against Non-Party City of Detroit, and the information sought by Plaintiff is not relevant to any claim against any Defendant.

Plaintiff's final proposed topic for a 30(b)(6) is a broad request for any and all information about the Detroit Police Department related to the production of exculpatory evidence. Again, the City does not believe that any City employees are knowledgeable about eighteen-year-old policies or can be reasonably prepared to testify about them. Moreover, the City has already produced its manual directives on Crime Scene Investigation and Collection and Preservation of Evidence and Plaintiff has already deposed the investigators in this case. Plaintiff has no claim against Non-Party City of Detroit, and the information sought by Plaintiff is not relevant to any claim against any Defendant.

Plaintiff seeks discovery that is outside the scope of discovery because it does not relate to any party's claim or defense and is not proportional to the needs of the case. The Court should enter an order pursuant to Fed. R. Civ. P. 26(c)(1)(A) prohibiting Plaintiff from conducting depositions of a non-party that are outside the scope of discovery.

## II. The court should quash Plaintiff's subpoena because it places an undue burden on non-party the City of Detroit.

The court must quash a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Requiring the City to prepare one or more witnesses to knowledgeably testify about twenty-year-old policies on irrelevant topics serves no

useful purpose to this case and imposes an undue burden. The City has already expended significant time and resources responding to two different subpoenas for documents from Plaintiff. Given the extremely broad and irrelevant topics sought, the amount of effort to prepare one or multiple witness designees to testify for the City would be significant, even though it is not possible to prepare witnesses to reasonably respond to questions about twenty-year-old policies. See Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization."). This burden clearly outweighs any hypothetical benefit that Plaintiffs may suggest in response to this motion. Thus, pursuant to Fed. R. Civ. P. 45(d)(3), the Court should quash Plaintiff's subpoena.

### III. Plaintiff's proposed deposition is unreasonably duplicative and cumulative and the record on these topics is fully developed.

Fed R. Civ. P. 26(b)(2)(C)(i) permits the court to limit discovery where it is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(ii) permits the court to limit discovery where the party seeking discovery has had ample opportunity to obtain the information. In this case, the City has already responded to two different subpoenas from Plaintiff. Plaintiff has deposed numerous fact witnesses about the topics it seeks in his notice of deposition. Plaintiff's proposed 30(b)(6) deposition is unreasonably cumulative and duplicative, and Plaintiff has already had ample opportunity, through its document subpoenas and depositions to

obtain any relevant information he seeks. The Court should enter an order pursuant to Fed. R. Civ. P. 26(c)(1)(A) prohibiting Plaintiff from conducting depositions of a non-party that are unreasonably cumulative, and duplicative and on topics that Plaintiff has had ample opportunity to develop through discovery already.

## Conclusion

Plaintiff's Notice of Deposition constitutes a fishing expedition and seeks to impose a significant burden on the City of Detroit by requiring significant amounts of time and public resources to be expended on information that is irrelevant and not proportional to the needs of this case and the requests are overly broad and unduly burdensome, as well as cumulative and duplicative.

## Prayer for Relief

**WHEREFORE** Non-party, City of Detroit, respectfully requests that this Honorable Court enter an Order quashing Plaintiff's Subpoena and Notice of Rule 30(b)(6) Deposition for the City of Detroit Police Department and enter a Protective Order which precludes discovery of the information requested in the Notice.

Respectfully submitted,

*/s/ Patrick M. Cunningham*__________________
Patrick M. Cunningham (P67643)
Attorney for Non-party City of Detroit
City of Detroit Law Department
2 Woodward Avenue, Suite 500

Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov

Dated: April 14, 2025

**Certificate of Service**

The undersigned certifies that a copy of **Non-party City of Detroit's Motion to Quash Plaintiff's Subpoena and Notice of Rule 30(b)(6) Deposition for the City of Detroit Police Department** was served upon all attorneys of record, by electronic mail to each of the attorneys of record at their respective email addresses as disclosed by the pleadings of record, on April 14, 2025.

*/s/ Patrick M. Cunningham*______________
Patrick M. Cunningham (P67643)
Attorney for Non-party City of Detroit
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov