# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

Terance Calhoun
*Plaintiff*
v.
City of Detroit Police Officer Robert Kane, et al.
*Defendant*

Civil Action No. 2:24-cv-10184-MAG-DRG

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Detriot Police Deparment 30(b)(6)
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Goodman Hurwitz & James P.C.<br>1394 East Jefferson Ave.<br>Detroit, MI 48207 | Date and Time: April 15, 2025 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Stenographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/4/2025

*KINIKIA D. ESSIX, CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*/s/ Katie Cion*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Terance Calhoun , who issues or requests this subpoena, are:

Katie Cion, 200 Varick Street, Suite 800, New York, NY 10014, kcion@nsbhf.com, (212) 965-9081.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:24-cv-10184-MAG-DRG

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* ____________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ____________________

____________________ on *(date)* ____________ ; or

☐ I returned the subpoena unexecuted because: ____________________
____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ ____________ .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

The Detroit Police Department ("DPD") is advised that for purposes of this deposition it must designate one or more officers, directors, managing agents, or other persons who will testify on its behalf regarding the following:

1. The DPD's policies, practices, and procedures, whether written or oral, in place in 2007, regarding documenting polygraph examinations. This includes without limitation the creation or maintenance of charts, questionnaires, notes, records, or other documentation, and specifically the documents that should have been created and maintained for the court-ordered polygraph examination of Plaintiff Terance Calhoun on February 15, 2007. This also includes without limitation policies, practices, and procedures relating to the following:
   a. Any and all policies, rules, and regulations surrounding the administration of polygraph examinations in place in the DPD between January 1, 2006 and July 1, 2007;
   b. the creation dissemination and maintenance of any and documentation including all pre-test questions administered to the examinee, and any and all associated charts, measurements, or data.
   c. the creation, dissemination, and maintenance of any and all associated charts, measurements, or data recorded in conjunction with the polygraph test;
   d. any and all documentation of the polygraph examiner's review of any case files, records, statements, and evidence;
   e. any notes or other documentation created by the polygraph examiner or any other official involved in the construction, drafting, and/or administration of the polygraph questions;
   f. the process for documenting compliance with internal DPD policies surrounding the administration of polygraph examinations; and
   g. the search for the polygraph data and associated documentation in this case.

2. The DPD's policies, practices, and procedures, whether written or oral, in place in 2006–2007, concerning the coordinating, regulating, administration, supervision, and documentation of:
   a. a live line-up identification procedure; and
   b. photographic identification procedures, including without limitation photographic arrays.
3. The DPD's polices, practices, and procedures, whether written or oral, in place in 2006–2007, concerning the creation and maintenance of notes, documentation, and/or records of identification procedures conducted.
4. All DPD systems, processes, policies, procedures, rules, regulations, customs, or practices, whether written or oral, and any modifications thereto, in place at any point between October of 2006 and December of 2007, concerning the identification, documentation, tracking, preservation and disclosure of exculpatory evidence pursuant to *Brady v. Maryland*, *Giglio v. United States*, and their progeny or state law equivalents ("*Brady* material") including without limitation any and all systems and/or processes for documenting, tracking, and disclosing *Brady* material regarding forensic testing commissioned by the DPD.

Since this deposition is being taken according to Fed. R. Civ. P. 30(b)(6), the DPD shall designate and produce one or more officers, employees, or agents who are most knowledgeable on the matters set forth above and set forth for each person designated and produced the matter(s) on which (s)he will testify. Plaintiff requests that the DPD provide the names and titles of the persons it will designate to testify at least five (5) days prior to the deposition.

Although this deposition is being noticed pursuant to Rule 30(b)(6), the matters of inquiry may include any other matters permitted under Fed. R. Civ. P. 30 and any other procedures authorized by the Federal Rules.

Any deponent so designated must produce all documents pertaining to the matters set forth above not previously produced no later than five (5) business days prior to the noticed date

of deposition.

Dated: March 4, 2025

By: /s/ Katie Cion
Katie Cion (DC 1779586)
Neufeld Scheck Brustin
Hoffmann & Freudenberger, LLP
200 Varick Street, Suite 800
New York, NY 10014
T: (212) 965-9081
F: (212) 965-9084
kcion@nsbhf.com

*Attorney for Plaintiff Terance Calhoun*

**Certificate of Service**

I hereby certify that on this 4th day of March 2025, a true and accurate copy of the foregoing Notice of Deposition under Rule 30(b)(6) of the Detroit Police Department was served on counsel for the Detroit Police Department.

Dated: March 04, 2025 /s/*Jackie Ochoa Acevedo*