UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERANCE CALHOUN

       Plaintiffs,                               Case No. 24-cv-10184

v.

                                                   HON. MARK A. GOLDSMITH

ROBERT KANE, et al,

       Defendants.
_____/

**ORDER: (1) GRANTING IN PART AND DENYING IN PART WAYNE COUNTY'S MOTION TO QUASH (Dkt. 48); (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (Dkt. 49); (3) DENYING DEFENDANT'S MOTION TO COMPEL (Dkt. 52); (4) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH (Dkt. 54); (5) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH (Dkt. 76); (6) GRANTING IN PART AND DENYING IN PART THE CITY OF DETROIT'S MOTION TO QUASH OR FOR A PROTECTIVE ORDER (Dkt. 88); and (7) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (Dkt. 89)**

On May 7, 2025, the Court held a hearing on the record via Zoom on the pending discovery motions (Dkts. 48, 49, 52, 54, 76, 88, 89). For the reasons set forth on the record, the Court orders as follows:

As to non-Party Wayne County's motion to quash directed against Defendants (Dkt. 48) and Defendants' motion to compel directed at Wayne County (Dkt. 49), the Court grants the motions in part and denies them in part. On or before May 12, 2025, counsel for Wayne County must submit to the Court for in-camera review the relevant document production, designating or highlighting the portions of the production that Wayne County seeks to withhold from production. Counsel may file on the docket a memorandum, not to exceed five pages, explaining Wayne County's position on what relief it seeks from the Court related to the documents. No responses may be filed absent leave of the Court.

Regarding Defendants' motion to compel directed against the State Appellate Defender's Office (Dkt. 52), the only issue remaining in dispute at the time of the hearing was whether SADO should be compelled to produce memoranda it prepared regarding discussions with Calhoun's family members Kimberly Monroe, Octavia Monroe, and Mr. Calhoun's father. The Court denies the motion to compel for the reasons set forth on the record.

As to Plaintiff's motion to quash Defendants' subpoenas to JPay, Inc., Global Tel Link Corp., and MDOC (Dkt. 54), the Court orders the parties to meet and confer regarding the Plaintiff's objection to the subset of calls that Defendants identify as relevant to the case. On or before May 14, 2025, the parties must indicate, via email to the Court's law clerk (Leslie_Calhoun@mied.uscourts.gov), whether or not a dispute remains.

As to Defendants' motion to quash Plaintiff's subpoenas to the Wayne County Prosecutor's Office and the Detroit Police Department (Dkt. 76), the Court grants the motion in part and denies it in part.  The documents must be produced for "attorneys eyes only." Plaintiffs may move later to expand those entitled to receive the documents.

As to the City of Detroit's motion to quash and for protective order (Dkt. 88), as stated on the record, the City's counsel must communicate with DPD personnel, on or before May 9, 2025, to ascertain whether there are any current employees who are familiar with the policies and practices of polygraph administration and/or collection and the administration of *Brady* material from the relevant time frame. Counsel must file, on or before May 21, 2025,  a supplemental memorandum (no greater than five pages in length) indicating the results of his inquiry and explaining any remaining arguments regarding undue burden.

As to Defendants' motion to compel the deposition of Valerie Newman (Dkt. 89),  the Court orders that Ms. Newman's deposition proceed no later than one week following the Court's

2

ruling on the document disputes to be resolved in connection with the motions filed at Dkts. 48 and 49. To the extent she declines to answer any question, Defendants may file a motion to compel, setting forth the questions that she declined to answer and any authority supporting a compelled answer. Ms. Newman must file a response to any such motion within seven days of the filing of the motion.

The Court requires strict compliance with Rule 45(a)(1)(D), which states, in relevant part:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Lastly, the Court orders that Ms. Vasquez's deposition must occur on or before May 16, 2025, unless Ms. Vasquez is not available. If it cannot be scheduled until after that date, then the Court will consider an extension of two weeks for the dispositive motion deadline. Plaintiff's counsel must report to the Court's law clerk, via email, whether the deposition has taken place no later than May 16, 2025.

All other deadlines in the Case Management Order (Dkt. 26) remain the same unless otherwise ordered.

SO ORDERED.

Dated: May 8, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge