Case 2:24-cv-10184-MAG-DRG ECF No. 141-6, PageID.6665 Filed 04/15/26 Page 1 of 2

Lech v. Gettel, Not Reported in Fed. Rptr. (2024)

2024 WL 2815971
Only the Westlaw citation is currently available.
United States Court of Appeals, Sixth Circuit.

Ronald LECH, Plaintiff-Appellant,
v.
Gina GETTEL; W. Mark Fondren;
John Does 1–3, Defendants-Appellees.

Case No. 23-1753
|
FILED June 3, 2024

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**Attorneys and Law Firms**

Christopher Patrick Desmond, Johnson Law Firm, Detroit, MI, for Plaintiff-Appellant.

John G. Fedynsky, Office Of the Attorney General, Lansing, MI, for Defendants-Appellees Gina Gettel, W. Mark Fondren.

Before: CLAY, THAPAR, and MATHIS, Circuit Judges.

OPINION

THAPAR, Circuit Judge.

**\*1** Ronald Lech claims state officials waited too long to disclose exculpatory evidence. Because the Constitution didn't require an earlier disclosure, we affirm the dismissal of his claim.

I.

A Michigan police officer pulled Ronald Lech over and asked whether he'd been drinking. Lech said no but failed a field sobriety test. Officers took Lech to the police department, where they administered a breathalyzer test. The breathalyzer—a DataMaster DMT—registered Lech's blood-alcohol concentration as higher than the legal limit. As a result, Michigan charged Lech with driving while intoxicated.

While Lech's charges were pending, the Michigan State Police Department discovered that Intoximeters—the private contractor who maintained its DataMaster DMTs—hadn't been doing its job correctly. Specifically, Intoximeters failed to perform "timely 120-day certifications," incorrectly recorded "important elements during instrument checks," and shared passwords with jail staff. R. 1, Pg. ID 7–8. As a result, in January 2020, the Department removed its DMTs from service and recalibrated them. The Department acknowledged Intoximeters' oversights could have caused inaccurate test results. So, in August 2021—a week before Lech's trial was set to begin—the state dismissed his charges.

Lech then sued several defendants, including two Department officials—Gina Gettel, who oversaw the Intoximeters contract, and Mark Fondren, who ensured the DMTs were up to standard. Among other claims, Lech argued Gettel and Fondren violated the Due Process Clause by failing to disclose sooner that his breathalyzer results could be inaccurate. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

The district court stayed Lech's proceedings until we decided an appeal filed by Kelly Miller. Like Lech, Miller flunked a Michigan DMT test and was charged with driving while intoxicated. *Miller v. Gettel*, Nos. 22-1034/1046, 2023 WL 2945340, at \*1 (6th Cir. Apr. 14, 2023). After Miller pled guilty, the state dismissed Miller's conviction, citing the Intoximeters issues. *Id.* Miller then sued Gettel and Fondren, raising the same claims as Lech. *See id.* at \*7. Indeed, Lech copied Miller's complaint verbatim.

In Miller's appeal, we held Gettel and Fondren were entitled to qualified immunity on the due process claim. *Id.* That's because no binding precedent established that Miller had a right to be informed about the Intoximeters issues before pleading guilty. *Id.* (citing *Robertson v. Lucas*, 753 F.3d 606, 621–22 (6th Cir. 2014)).

Based on our decision in *Miller*, the district court dismissed Lech's complaint. Lech now appeals the dismissal of his due process claim.

II.

Lech raises the same claim, against the same defendants, on materially identical facts as in *Miller*. Just as in *Miller*, Gettel and Fondren are entitled to qualified immunity: Lech can't show that they violated due process by failing to disclose the Intoximeters issues sooner—let alone that the violation was clearly established.

The Due Process Clause requires prosecutors to disclose material, exculpatory evidence to defendants. *Brady*, 373 U.S. at 87. We've extended this obligation to police officers, requiring them to turn such evidence over to the prosecutor. *Moldowan v. City of Warren*, 578 F.3d 351, 378–79 (6th Cir. 2009). But in general, only a "complete failure" to disclose exculpatory evidence at trial offends due process. *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986). That makes sense: the reason the evidence must be disclosed at all is to prevent "an unfair trial." *Brady*, 373 U.S. at 87–88; *United States v. Ruiz*, 536 U.S. 622, 631 (2002) (calling *Brady* a "trial-related right[ ]"). So if the evidence is disclosed before trial—or if there's no trial at all—there's no due-process violation. *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988); *see also Word*, 806 F.2d at 665 (noting even "tardy" disclosures occurring "during trial" are acceptable if the delay isn't prejudicial).

**\*2** Here, Michigan disclosed Intoximeters' oversights a week before trial was scheduled to begin. And Lech's charges were then dismissed, so he was never tried. Thus, there wasn't a *Brady* violation, let alone a clearly established one. *Snow v. Nelson*, 634 F. App'x 151, 155–56 (6th Cir. 2015).

Lech resists this conclusion by trying to distinguish *Miller*: Unlike Lech, Miller pled guilty to her charges. But if anything, that distinction cuts against Lech. As we noted in *Miller*, some circuits require prosecutors to disclose exculpatory evidence before a defendant pleads guilty. *Miller*, 2023 WL 2945340, at \*7 & n.5 (citing cases). Because no binding precedent imposed this requirement, we held that Gettel and Fondren were entitled to qualified immunity. *Id.* (citing *Robertson*, 753 F.3d at 621–22). By contrast, Lech can't point to *any* circuit authority—binding or not—requiring disclosure before the state dismissed his case. *See Snow*, 634 F. App'x at 155–56.

Next, Lech faults the district court for failing to consider whether the delay in disclosure prejudiced him. He argues that if Gettel and Fondren had disclosed the DMT issues to his prosecutor earlier, he would've rid himself of the stigma and cost of defending charges sooner. But that "misperceives the harm *Brady* claims are designed to redress." *Id.* at 156. Again, *Brady* prevents "an unfair trial." 373 U.S. at 87. So, to show prejudice, Lech would need to establish a reasonable probability that, but for the delay, "the jury would have reached a different result." *United States v. Crayton*, 357 F.3d 560, 569 (6th Cir. 2004). Because Lech wasn't even tried, he can't do so.

Finally, Lech argues the district court should've waited until summary judgment to dismiss his case. But Lech's claims fail as a matter of law, so discovery wouldn't change anything. Moreover, because qualified immunity protects officers from liability *and* defending suit, we resolve it "at the earliest possible stage." *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022). We've already held that Gettel and Fondren are entitled to qualified immunity in a materially identical case. So the earliest possible stage is now.

We affirm.

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 2815971

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.